**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

BLAKE BOESKY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company, d/b/a Redbox,

Defendant.

## CLASS ACTION COMPLAINT

Plaintiff Blake Boesky ("Plaintiff" or "Boesky"), individually and on behalf of all others similarly situated, by and through his counsel Edelson McGuire, LLC, brings this Class Action Complaint against Defendant Redbox Automated Retail, LLC, to put a stop Defendant's unlawful practice of retaining Plaintiff's personally identifiable information and seek redress for such conduct. Plaintiff Boesky, on his own behalf and on behalf of a class of similarly situated individuals, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys:

## INTRODUCTION

1. Plaintiff Blake Boesky brings this Class Action Complaint against Defendant Redbox Automated Retail, LLC ("Redbox" or "Defendant") for Defendant's unlawful retention of his personally identifiable information, including his credit information, billing address, and video programming viewing history in violation of the Video Privacy Protection Act, 18 U.S.C. §§ 2710, *et. seq.* ("VPPA").

2. Redbox is a popular American company that offers for rental and sale digital video disks ("DVDs") to consumers through automated, self-service kiosks located at various retail outlets throughout the country. Currently, Redbox owns and operates more than 30,000 kiosks throughout the United States.

3. Redbox maintains a digital record system that details the purchase and rental history of each and every DVD purchased or rented by its customers from any of its kiosks. Redbox also maintains records containing its customers' billing addresses.

4. As a result, Redbox maintains a veritable digital dossier on millions of consumers nationwide. These records contain not only consumers' credit card number and billing/contact information, but also a highly detailed account of the consumer's video programming viewing history.

5. In recognition of the fact that companies who rent or sell digital media—like Redbox—must collect certain confidential and sensitive consumer information with respect to personal viewing habits, the VPPA requires such companies to "destroy personally identifiable information as soon as practicable." 18 U.S.C. § 2710(e).

6. However, in direct contravention of the protections afforded to consumers under the VPPA, Redbox maintains and stores its customers' credit card number, billing and contact information, and most importantly, sensitive video programming viewing histories for an indefinite period of time.

7. Accordingly, Redbox has knowingly retained the "personally identifiable information" and sensitive video programming viewing histories of millions of consumers in violation of the VPPA.

## PARTIES

8. Plaintiff Blake Boesky is a natural person and citizen of the State of California.

9. Defendant Redbox Automated Retail, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its headquarters and principal place of business located at One Tower Lane, Oakbrook, IL 60181. Redbox does business throughout Illinois and the United States.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiff's claims arising under the laws of the United States pursuant to 28 U.S.C. § 1331, and, as to all other claims, pursuant to 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Redbox because it maintains its corporate headquarters in this District, and the improper conduct alleged in the Complaint occurred in, was directed and/or emanated from Illinois.

12. This Court is an appropriate venue for the adjudication of this controversy because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

### The Video Privacy Protection Act and Digital Dossiers

13. The desire to keep video programming viewing history records private led Congress to enact the Video Privacy Protection Act in 1988. Inspired by the release of video viewing records of Supreme Court Justice Nominee Robert H. Bork and his family, Congress promulgated the Act to explicitly preserve United States citizens' right to privacy in their video viewing histories.

14. When the VPPA was introduced, the late Senator Paul Simon noted that,

> There is no denying that the computer age has revolutionized our world. Over the past 20 years we have seen remarkable changes in the way each one of us goes about our lives. Our children learn through computers. We bank by machine. We watch movies in our living rooms. These technological innovations are exciting and as a nation we should be proud of the accomplishments we have made. Yet, as we continue to move ahead, we must protect time honored values that are so central to this society, particularly our right to privacy. The advent of the computer means not only that we can be more efficient than ever before, but that we have the ability to be more intrusive than ever before. *Every day Americans are forced to provide to businesses and others personal information without having any control over where that information goes. These records are a window into our loves, likes, and dislikes.*

S.Rep. No. 100-599 at 7-8 (1988) (emphasis added).

15. In another strikingly accurate forward-looking statement, Senator Patrick Leahy remarked that "the trail of information generated by every transaction that is now recorded and stored in sophisticated record-keeping systems is a new, more subtle and pervasive form of surveillance." S.Rep. No. 100-599 at 8 (1988).

16. Although in 1988 these Senators could not possibly forecast the amount of data collected on consumers today by large video-programming providers such as Redbox, both Sen. Simon's and Sen. Leahy's comments would prove prescient.

17. Many glaring and dangerous privacy issues are implicated by Redbox's practice of retaining video programming viewing histories indefinitely—the exact type of dangers that the VPPA was enacted to thwart.

18. Accordingly, the VPPA affords consumers significant protections with respect to the storage, confidentiality, and ultimate destruction of any records concerning the names and titles of any movies they have rented or purchased.

19. Specifically, the VPPA requires video-programming providers to destroy "personally identifiable information as soon as practicable, but no later than one year from the date the information is no longer necessary for the purpose for which it was collected…." 18 U.S.C. § 2710(e).

20. Under the VPPA, the term "personally identifiable information" means all "information which identifies a person as having requested or obtained specific video materials or services from a video tape service provider." 18 U.S.C. § 2710(a)(4).

**A Brief Overview of Redbox**

21. Redbox provides DVDs to consumers through a nationwide network of over 30,000 self-service kiosks. Each kiosk features an interactive touch screen, a robotic disk array system, and a web-linked electronic communications system that allows consumers to rent or buy DVDs. Kiosks typically hold approximately 700 DVDs, offering between 70 and 200 titles. The kiosks are updated weekly with a supply of newly released DVDs.

22. The rental of a DVD through Redbox is a four-step process. First, the customer searches the kiosks' selection by using its interactive touch screen. Second, after the customer has identified a DVD to rent, the customer enters his credit or debit card information by swiping his credit or debit card through the kiosk, and manually enters his Zip Code. Third, the selected DVD is dispensed by the kiosk to the customer. Fourth, the customer returns the rented DVD to any Redbox kiosk.

23. Customers are charged approximately $1.00 - $2.00 plus any applicable taxes for their rental. The customer must return the DVD to a Redbox kiosk before 9 P.M. the following day. Otherwise, they are charged an additional day for the rented DVD. If the customer has not returned the DVD within 25 days of the date of rental, then Redbox charges the customer's credit or debit card the cost of the DVD, at which point, the customer owns the movie outright.

24. Redbox requires its customers to use only credit or debit cards to rent or purchase (in the event DVDs are not returned) DVDs from its kiosks.

25. It is Redbox's corporate policy to not provide refunds to any consumer for charges that are over 90 days old.

**Redbox Systematically Violates The VPPA**

26. With every rental transaction, Redbox collects, stores and maintains its customers' credit and debit card information, billing address, and most importantly, video programming viewing histories for an indefinite period of time.

27. The video programming viewing histories that Redbox stores includes every DVD that the customer has ever rented or purchased from Redbox, as well as information which identifies the customer as having requested or obtained specific video materials or services.

28. In light of the fact that its customers' DVD rental transactions are necessarily completed within 25 days from the date of the rental, and given Redbox's corporate policy to not provide refunds for charges that are over 90 days old, Redbox systematically violates the VPPA by storing and maintaining its customers' "personally identifiable information," as that term is defined by the VPPA, for longer than 90 days.

**FACTS RELATING TO PLAINTIFF BLAKE BOESKY**

29. Plaintiff Blake Boesky is a former Redbox customer.

30. On or about May 14, 2010, Plaintiff utilized a Redbox kiosk to rent three (3) DVDs.

31. On or about May 17, 2010, Plaintiff returned said DVDs.

32. While Plaintiff's transaction was completed more than 10 months ago, Redbox continues to store and maintain Plaintiff's personally identifiable information, including his personal video programming viewing history, and billing address.

**CLASS ALLEGATIONS**

33. **Definition of the Class:** Plaintiff brings this lawsuit pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All persons in the United States who rented or purchased a DVD from a Redbox kiosk wherein Redbox retained their personally identifiable information, including information which identifies the person as having requested or obtained specific video materials or services, for more than ninety (90) days. Excluded from the Class are 1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current and former employees, officers, and directors, 2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, 3) persons who execute and file a timely request for exclusion, and 4) the legal representatives, successors, or assigns of any such excluded person

34. **Numerosity:** The exact number of the members of the Class is unknown and is not available to Plaintiffs at this time, but individual joinder in this case is impracticable. The Class consists of millions of individuals and other entities. Class members can be easily identified through Defendant's records and public records.

35. **Commonality:** There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Class, and those questions predominate over any

questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

a. Whether Redbox unlawfully retained its former subscribers' personally identifiable information and personal video programming viewing histories; and

b. Whether Redbox's conduct violates the Video Privacy Protection Act, 18 U.S.C. §§ 2710, *et seq.*;

36. **Typicality:** The factual and legal bases of Redbox's liability to Plaintiff and to the other members of the Class are the same and resulted in injury to Plaintiff and all of the other members of the Class. Plaintiff and the other members of the Class have all suffered harm as a result of Redbox's wrongful conduct.

37. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class members, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class and Defendant has no defenses unique to Plaintiff.

38. **Predominance and Superiority:** This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. It would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal

and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

39. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. Defendant's policies challenged herein apply to and affect all members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

**COUNT I: Violation of the Video Privacy Protection Act**
**(18 U.S.C. §§ 2710, *et seq.*)**
**(On Behalf of Plaintiff and the Class)**

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. Redbox is a "video tape service provider" as defined by VPPA because Defendant is "engaged in the business, in or affecting interstate or foreign commerce, of rental, sale, or delivery of prerecorded video cassette tapes or similar audio visual materials." 18 U.S.C. § 2710 (a)(4)

42. Plaintiff is a "consumer," as defined by the VPPA, because he is a "renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1).

43. The VPPA mandates, among other things, that a service provider "shall destroy personally identifiable information as soon as practicable, but no later than one year from the

date the information is no longer necessary for the purpose for which it was collected." 18 U.S.C. § 2710 (e).

44. As Redbox's customer rental transactions are completed within 25 days of the rental of the DVD (as the DVD is either returned or automatically purchased within that time), and Redbox does not provide refunds for charges that are more than 90 days old, it is not necessary for Redbox to store and maintain Plaintiff's personally identifiable information and personal video programming viewing history for longer than 90 days.

45. Accordingly, and in violation of the 18 U.S.C. § 2710(e), as Redbox continues to retain the personally identifiable information of Plaintiff and the putative Class, Redbox has failed to destroy its customers' personal information as soon as practicable after it was no longer necessary for the purpose for which it was collected.

46. As a result, Plaintiff and the Class have suffered injuries. Defendant's illegal conduct should be enjoined, and Plaintiff and the Class should be awarded the maximum statutory damages available under 18 U.S.C. § 2710(c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Blake Boesky prays that the Court enter judgment in his favor and against Defendant Redbox Automated Retail, LLC, and for the following relief:

A. Certify the action as a class action on behalf of the Class defined above, appoint Plaintiff as Class Representative, and designate his counsel as representatives of the Class;

B. Declare that Redbox's conduct, as described herein, violates the Video Privacy Protection Act, 18 U.S.C. §§ 2710, *et seq.*;

C. Award injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including both an Order prohibiting Redbox from engaging in the

wrongful and unlawful acts described herein and requiring Redbox to destroy its customers' personal information and video viewing histories that are no longer necessary for the purpose for which such information was collected;

D. Award damages, including statutory damages of $2,500 per violation under the Video Privacy Protection Act, 18 U.S.C. § 2710(c) and punitive damages (if applicable) to Plaintiff and the Class in an amount to be determined at trial;

E. Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

F. Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

G. Award such other and further relief as equity and justice may require.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Dated: March 11, 2011

Respectfully submitted,

**BLAKE BOESKY**, individually and on behalf of a class of similarly situated individuals,

By: /s/ Rafey S. Balabanian
One of her attorneys

Jay Edelson
Rafey S. Balabanian
William C. Gray
Ari J. Scharg
EDELSON MCGUIRE, LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
jedelson@edelson.com
rbalabanian@edelson.com
wgray@edelson.com
ascharg@edelson.com