**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **KEVIN STERK and JIAH CHUNG,** individually, and on behalf of a class of similarly situated individuals, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )    Case No. 11 C 1729 |
| **REDBOX AUTMATED RETAIL, LLC** | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Kevin Sterk and Jiah Chung have sued Redbox Automated Retail, LLC for violations of the Video Privacy Protection Act (VPPA). They seek to represent a class of similarly situated individuals. Plaintiffs have moved the Court for leave to file a second amended complaint and extend the time for discovery related to class certification. On April 18, 2012, the Court entered an order extending the time for discovery and orally ruled that plaintiffs had good cause to seek leave to amend and that Redbox would not suffer undue prejudice from amendment. For the reasons stated below, the Court grants the motion for leave to file a second amended complaint.

### Background

"Redbox rents digital video discs (DVDs) directly to consumers through more than 30,000 automated, self-service kiosks located throughout the United States." *Sterk v. Redbox Automated Retail, LLC*, 806 F. Supp. 2d 1059, 1060 (N.D. Ill. 2011).

Plaintiffs allege that they were customers of Redbox and that it unlawfully retained and disclosed their private information in violation of the VPPA. 18 U.S.C. § 2710(b) & (e).

Redbox previously moved to dismiss plaintiffs' claim under the VPPA for unlawful retention, arguing that the VPPA did not provide a private right of action. The Court concluded that subsection 2710(c) authorized a private right of action for violations of subsection 2710(e). *Sterk*, 806 F. Supp. 2d at 1069. Subsequently, however, the Court concluded that the existence of a private right of action for violation of section 2710(e) was "a controlling question of law as to which there is substantial ground for difference of opinion" and certified the question to the Seventh Circuit under 28 U.S.C. § 1292(b).

The Seventh Circuit accepted the interlocutory appeal. *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 537 (7th Cir. 2012). The court reversed this Court's decision. It held that subsection 2710(c) did not authorize a private right of action for unlawful retention of personal information in violation of section 2710(e). *Id.* at 538–39.

## Discussion

Plaintiffs seek to amend their complaint to add two claims related to their allegation that Redbox unlawfully retained their personal information in violation of the VPPA: a claim under the Stored Communications Act (SCA) and a breach of contract claim. Redbox contends that plaintiffs do not have good cause to amend and that amendment is futile and would be unduly prejudicial. *See* Fed. R. Civ. P. 16(b)(4). As stated above, the Court previously ruled orally that plaintiffs had good cause to seek leave to amend and that amendment would not unduly prejudice Redbox.

The only remaining question before the Court is whether amendment would be

futile. A proposed amendment is futile if "the amended complaint could not survive a motion to dismiss." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 n.5 (7th Cir. 2010). "When analyzing the sufficiency of a complaint, [the Court] construe[s] it in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in the nonmoving party's favor." *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 837 (7th Cir. 2010). A plaintiff "has stated a claim only if it has alleged enough facts to render the claim facially plausible, not just conceivable." *Id.*

### A. Stored Communications Act claim

Plaintiffs assert a claim under the SCA against Redbox for its unlawful retention of their private information in violation of the VPPA. *See* 18 U.S.C. § 2707. Section 2707 of the SCA allows a plaintiff to bring a civil action for any violations of its chapter of the United States Code, which includes the retention provision of the VPPA. *Id.* §§ 2707(a), 2710(e).

Redbox does not dispute that the SCA authorizes plaintiffs to bring a civil action, but it argues that plaintiffs' claim fails because they are not entitled to statutory damages. It contends that the SCA does not authorize statutory damages unless a plaintiff can show actual damages. *See id.* § 2707(c). Redbox states that in their petition requesting that the Seventh Circuit rehear the case, plaintiffs conceded that the SCA required a showing of actual damages. Redbox also cites as support the case of *Van Alstyne v. Elec. Scriptorium, Ltd.*, 560 F.3d 199 (4th Cir. 2009). In that case, the Fourth Circuit concluded that subsection 2707(c) required a plaintiff to show actual damages before he could recover statutory damages. *Id.* at 206. The court also held, however, that a plaintiff need not show actual damages to recover punitive damages or

3

attorney's fees under the SCA. *Id.* at 209.

Even if the Court were to adopt the conclusion of the Fourth Circuit in *Van Alstyne*, plaintiffs' SCA claim would not be futile. Plaintiffs seek punitive damages and attorney's fees, for which the Fourth Circuit concluded they do not need to show actual damages. Proposed 2d Am. Compl. ¶ 82. Furthermore, plaintiffs do allege that they suffered actual damages from the unlawful retention of their personal information. *Id.* ¶¶ 75–81. Should plaintiffs be able to demonstrate that they suffered actual damages, they would be entitled to the statutory damages provided in the SCA, in addition to punitive damages and attorney's fees.

Redbox contends that in the interlocutory appeal, the Seventh Circuit held that unlawful retention by itself could not cause plaintiffs any actual injury. In discussing potential policy justifications for Congress's failure to give a private right of action under the VPPA, the court asked, "[h]ow could there be injury, unless the information, not having been destroyed, were disclosed? If, though not timely destroyed, it remained secreted in the video service provider's files until it was destroyed, there would be no injury." *Sterk*, 672 F.3d at 538. Later, however, the court stated that in the case of unlawful retention of personal information, "[t]he injury inflicted by such a failure is enormously attenuated, and it would be no surprise if Congress had decided . . . not to provide a damages remedy." *Id.* Read in its entirety, the Seventh Circuit's opinion suggests that it is highly skeptical that a plaintiff could show actual injury from unlawful retention, not that such injury is impossible as a matter of law.

4

**B.     Breach of contract claim**

Plaintiffs allege that they, as customers of Redbox, "entered into binding contracts for the sale of or access to movie DVDs." Proposed 2d Am. Compl. ¶ 86. Plaintiffs contend that these contracts incorporated existing law, including the requirements imposed by the VPPA. They allege that Redbox breached the contracts when it failed to comply with the retention and disclosure requirements.

Redbox contends that by asserting a breach of contract claim, plaintiffs are attempting to skirt the fact that the VPPA provides no private right of action. In *Astra USA, Inc. v. Santa Clara County*, 131 S. Ct. 1342 (2011), the Supreme Court rejected a plaintiff's attempt to sue for breach of contract when the contract incorporated the requirements of a statute but the statute itself did not provide a private right of action. In that case, section 340B of the Public Health Services Act limited the amount that drug manufacturers could charge to certain health care facilities. *Id.* at 1345. Drug manufacturers opted into the program under section 340B by signing an agreement with the Department of Health and Human Services (HHS) called a Pharmaceutical Pricing Agreement (PPA). *Id.* The plaintiff, which claimed that manufacturers were overcharging its health care facilities, conceded that there was no private right of action under section 340B but sought to enforce the PPA as a third-party beneficiary of the contract between the manufacturer and HHS. *Id.* The Court stated that "[t]hough labeled differently, suits to enforce [the contract and the statute] are in substance one and the same. Their treatment, therefore, must be the same, no matter the clothing in which plaintiffs dress their claims." *Id.* at 1345. It stated that the absence of a private right of action to enforce the statute "would be rendered meaningless" if a plaintiff could

simply sue to enforce the contract instead. *Id.*

The Supreme Court's reasoning in *Astra* may not control this case. Unlike the plaintiff in *Astra*, plaintiffs here allege that they are parties to the contract they seek to enforce, not simply of third-party beneficiaries. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4, 584 n.19 (7th Cir. 2012) (concluding that *Astra* is limited to the third-party beneficiary context).

Even under the reasoning of *Astra*, however, plaintiffs can bring their breach of contract claim, because the law gives them a private right of action for the VPPA violations they assert. Specifically, plaintiffs allege that Redbox has unlawfully disclosed their private information and unlawfully retained it. 18 U.S.C. § 2710(b) & (e). It is undisputed that plaintiffs have a private right of action under the VPPA to pursue their unlawful disclosure claim. Thus the Supreme Court's ruling in *Astra* does not bar a breach of contract claim based on unlawful disclosure. *Id.* § 2710(b) & (c). Furthermore, as discussed above, plaintiffs have a private right of action under the SCA to pursue their unlawful retention claim. *Id.* §§ 2707(a), 2710(e). Accordingly, plaintiffs can also bring a breach of contract claim alleging that Redbox illegally retained their private information.

## Conclusion

For the reasons stated above, the Court grants plaintiffs' motion for leave to file their second amended complaint [docket no. 95].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 24, 2012