```
                IN THE UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                           EASTERN DIVISION


KEVIN STERK, et al.,         )
                             )
              Plaintiffs,    )  Docket No. 11 C 1729
                             )
          vs.                )
                             )
REDBOX AUTOMATED RETAIL,     )  Chicago, Illinois
LLC,                         )  May 2, 2012
                             )  10:00 a.m.
              Defendant.     )


                      TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:


For the Plaintiff:     EDELSON MC GUIRE, LLC
                          BY:  MR. RAFEY S. BALABANIAN
                               MR. BENJAMIN S. THOMASSEN
                       350 North LaSalle Street
                       Suite 1300
                       Chicago, Illinois  60654



                       SIPRUT, PC
                          BY:  MS. ALEKSANDRA M.S. VOLD
                       122 South Michigan Avenue
                       Suite 1850
                       Chicago, Illinois   60603



For the Defendant:     SNR DENTON US, LLP
                          BY:  MS. NATALIE J. SPEARS
                               MR. ANTHONY T. ELISEUSON
                       233 South Wacker Drive, Suite 7800
                       Chicago, Illinois  60606
```

LAURA M. BRENNAN - Official Court Reporter
219 South Dearborn Street - Room 2102
Chicago, Illinois 60604
(312) 435-5785

1 (The following proceedings were had in open court:)

2 THE CLERK: 11 C 1729, Sterk v. Redbox.

3 MS. SPEARS: Good morning, your Honor; Natalie
4 Spears and Tony Eliseuson on behalf of defendant Redbox.

5 MR. BALABANIAN: Good morning, your Honor; Rafey
6 Balabanian and Ben Thomassen on behalf of the plaintiff.

7 THE COURT: This is a bigger crowd than we have had
8 for a while.

9 MS. VOLD: Aleksandra Vold on behalf of plaintiff.

10 THE COURT: I'm sorry. Say it again.

11 MS. VOLD: Aleksandra Vold on behalf of plaintiff.

12 MS. SPEARS: I'm always complimenting the plaintiff's
13 counsel on their entourage. They usually outnumber us.

14 THE COURT: I've got two people wearing white suits,
15 which is also unusual.

16 MS. SPEARS: I know. Well, we are both very stylish.

17 MR. BALABANIAN: Tell the truth. We spoke this
18 morning.

19 THE COURT: You spoke, okay. All right. There you
20 go.

21 What happens next?

22 MS. SPEARS: So, you know, this new complaint
23 effectively hits the reset button on the retention claims.
24 Our response to the complaint is due next week, and we intend
25 to file a motion to dismiss raising some substantial threshold

1  legal arguments. We had very quickly --
2      THE COURT: So you're telling me that there's some
3  stuff you didn't put in the --
4      MS. SPEARS: We filed within five days, yes.
5      THE COURT: So you've now absolutely convinced me
6  that this is the last time before I die that I'm going to let
7  somebody brief a motion to amend. Seriously, it's the last
8  time before I die because this is why.
9      MS. SPEARS: Well, and there's some good reason for
10 that, your Honor.
11     Within five days we tried to quickly file what we
12 thought was some pretty low-hanging fruit from the Seventh
13 Circuit's decision on the actual damages point. But, frankly,
14 there are other really very substantive legal issues. There's
15 an analogous case pending in this district before Judge Dow.
16     THE COURT: Analogous meaning? Are you the defendant
17 in it?
18     MS. SPEARS: No, Best Buy is.
19     THE COURT: Best Buy is.
20     MS. SPEARS: The same plaintiffs, counsel and the
21 same plaintiffs, and they have just filed a 25-page brief with
22 many different --
23     THE COURT: You ain't getting 25, I will tell you
24 right now.
25     MS. SPEARS: No, I don't need 25 to do it.

1     THE COURT: Good.

2     MS. SPEARS: But there's some significant issues when
3 you look at the history, enactment of the SCA, that it just --
4 you can't end-run it to get to the private right of action
5 that doesn't exist under the --

6     THE COURT: You guys have a seat. We're going to
7 have a discussion about this. What I am hearing here is not
8 making me happy. I'm going to do some other cases and we will
9 come back and talk about this.

10     You're going to have to explain to me why I wasn't
11 told all that before because that's basically the arguments I
12 dealt with, that the SCA doesn't cover this stuff. Have a
13 seat. I'm going to recall the case in a minute.

14     MS. SPEARS: Okay.

15     MR. BALABANIAN: Thank you.

16     (Brief recess.)

17     THE CLERK: 11 C 1729, Sterk v. Redbox.

18     MR. BALABANIAN: Ralph Balabanian and Ben Thomassen
19 appearing on behalf of the plaintiff again.

20     MS. VOLD: Aleksandra Vold on behalf of plaintiff.

21     MS. SPEARS: Natalie Spears and Anthony Eliseuson
22 on behalf of defendant.

23     Your Honor, if I could go through just --

24     First of all, when the plaintiff filed the motion to
25 amend after the Seventh Circuit issued its decision, they sent

1 notice for a date five days out. Within those five days, we
2 just quickly put together what we thought were some low-
3 hanging fruit arguments. We thought that the Court would
4 address it at that hearing.
5     What happened is right at the same time we filed the
6 opposition, you set a briefing schedule. We, you know,
7 shouldn't be penalized for putting together quickly arguments
8 that we thought you would want to address when they first
9 presented the motion that was --
10     THE COURT: I gave you more time than you actually
11 took. You had a whole extra week that you didn't take.
12     MS. SPEARS: We actually -- and Mr. Eliseuson could
13 attest to this -- at the same moment you entered the order on
14 briefing, we were filing our opposition to come in the next
15 day. It literally -- it's almost like they were filed within
16 30 seconds of each other.
17     THE COURT: I guess my point is you could have
18 supplemented it. And, honestly, I mean, we're on about --
19 this is going to be, what, round four on motions to dismiss
20 now, two before, two now?
21     MS. SPEARS: No. This was --
22     We filed an initial motion to dismiss the original
23 complaint in this case which is based on retention. What they
24 did in response to our motion to dismiss was file an amended
25 complaint to try to add the disclosure claims.

1        And then your Honor ruled that we -- you granted 1292
2   language because it was the whole issue of this retention
3   being the dog wagging the tail.
4        THE COURT: Well, I misspoke because there was a
5   motion to dismiss, and then there was a motion to reconsider,
6   so I counted that as two.
7        MR. BALABANIAN: No, there was two motions to
8   dismiss. There was a motion to dismiss the retention claim,
9   which the Court denied. There was a motion to dismiss the
10  disclosure claim, which was separately briefed and denied as
11  well. Then there was a motion to reconsider, which was fully
12  briefed.
13       THE COURT: And I recognize those were different
14  claims, I get that.
15       MS. SPEARS: That was because the plaintiff, who
16  could have brought these same arguments --
17       THE COURT: I get that.
18       MS. SPEARS: -- for retention at the beginning, and
19  it doesn't defeat it. I mean, it does not defeat our ability
20  to file.
21       THE COURT: So here is the deal. Here is the deal.
22  When are you going to file this motion, whether it is the
23  second, third, fourth or fifth? When?
24       MS. SPEARS: Next week. It's due on Thursday.
25       THE COURT: Thursday of next week?

1  MS. SPEARS: Yes.

2  THE COURT: Okay. So I'm going to decide whether I'm
3  going to order briefing on it or not. I might decide not, and
4  I may have multiple reasons for doing that.

5  So today what we're going to do is what I think I
6  said we're going to do, which is set a schedule.

7  MS. SPEARS: Right.

8  THE COURT: So not including the motion to dismiss.

9  MS. SPEARS: Right.

10  As to the discovery with regard to disclosure, we
11  have been moving forward on that. We have offered the
12  plaintiff dates on the 30(b)(6). They had offered dates on
13  their plaintiffs, but with regard to retention, we would ask
14  the Court --

15  THE COURT: I'm not staying anything. No, ma'am, not
16  staying anything.

17  MS. SPEARS: Your Honor, I just would remind you,
18  though, and I do -- just if you could bear with me for one
19  second.

20  When you initially addressed the issue of retention
21  before you sent it up on 1292, you looked at the issue of the
22  discovery on that and specifically ruled, and the Seventh
23  Circuit agreed with you on this point, and I had looked at the
24  hearing transcript last night. You said you were largely
25  persuaded because there's a significant portion of discovery

1 that would concern the retention claim --

2 THE COURT: I agree with that.

3 MS. SPEARS: -- that doesn't overlap.

4 And so when we have threshold legal issues, that

5 we're entitled -- and the plaintiffs could have brought these

6 retention claims under the SCA that they thought they had at

7 the beginning of the case, and it would all have gone up and

8 we wouldn't be here. So we shouldn't be penalized when you

9 could come to that same conclusion.

10 And, in fact, we're in the same position not because

11 of anything the defendants did. It's the plaintiffs pleading

12 seriatim here, as they did with the disclosure claim and then

13 they did now with trying to bring in and end-run what the

14 Seventh Circuit did on the VPPA, to get it into retention a

15 different way.

16 So if you're going to look at it in a week, what we

17 would ask is that -- and we're fully prepared, as we have

18 been, to go forward on disclosure -- that you hold off on that

19 just for the same exact reasons you did before. The reasons

20 haven't changed at all.

21 MR. BALABANIAN: Judge, if I could just jump in?

22 THE COURT: Hang on a second. No, I want to wait

23 until Ms. Spears is done.

24 Are you done?

25 MS. SPEARS: I am.

1  THE COURT: Okay. Here is why I'm not going to put
2  the pause button on discovery yet.
3  Okay. So, first of all, there was a request made in
4  response to the motion to amend that I denied leave to amend
5  because the plaintiff had delayed too long. Okay. I
6  disagreed with that, and part of the reason that I disagreed
7  with that is that there was a significant change in
8  circumstances. There was one out of --
9  What's the body language?
10  MS. SPEARS: Well, I'm just --
11  THE COURT: There's a significant change in
12  circumstances, the significant change in circumstances being
13  that before this, there was only one circuit level case. It
14  was nonbinding. It was out of circuit. And so the change in
15  circumstances was that the Seventh Circuit agreed with that.
16  Okay. And so I thought that the plaintiff was entitled to
17  attempt to recast its claim under some other statute in
18  whatever way it thought. So that's why I let them do that.
19  So the dilatory ship has left the station. I've
20  already said that argument isn't going anywhere. And so now
21  what I have is a situation in which the exact same amended
22  complaint that I looked at the sufficiency of within the last
23  couple weeks or so based on the requests that the defense
24  filed to deny leave to file it, and even though you filed the
25  thing on the 28th of May, you could have supplemented it

1 anytime within the following week that I had given you to
2 respond to it, to the motion to amend. I've now assessed it,
3 and so I'm going to set a discovery schedule because that's
4 the appropriate thing to do.
5       Now, if you come in on a motion to dismiss, which
6 hasn't even been filed yet because I haven't seen it, and I
7 think it's appropriate for it to be briefed and I think that,
8 in addition to it being appropriate to be briefed, I think
9 it's appropriate to defer discovery on that, then and only
10 then will I do it. I'm not going to do it on the if-come
11 sight unseen. That's the end of that discussion.
12       So now we're going to set a schedule. So you were
13 saying the depositions of the plaintiffs have been scheduled
14 but not taken yet.
15       MS. SPEARS: No. What I was going to say -- and I do
16 want to explain, because you inquired --
17       THE COURT: As long as you're not going back to the
18 point that we have already now addressed, you can say anything
19 you want. If you do, you're done. I'm serious.
20       I've got two sentencings that are going to happen
21 after this, and we're not going to talk about stuff we have
22 already talked about.
23       MS. SPEARS: That's fine.
24       THE COURT: So what's the status of discovery right
25 now?

1  MS. SPEARS:  The status of discovery, we had given
2  them dates for the 30(b)(6) deposition that they had asked for
3  on disclosure.
4       The issue, though, now, your Honor, is -- and I
5  suppose this will all be -- when you see a motion to dismiss
6  and make that decision on the side -- but the issue is going
7  forward on the depositions on disclosure versus the retention,
8  and if it's going to be on both, we're going to need --
9       THE COURT:  You're going to need more time.
10      MS. SPEARS:  Yes.
11      THE COURT:  I get that, sure.
12      MS. SPEARS:  That's all.  And they haven't issued --
13 you know, written discovery hasn't been done yet on the
14 retention at all.
15      THE COURT:  Have you done 30(b)(6) notices on what I
16 will call for present purposes the new claims?
17      MR. BALABANIAN:  We have had some issues scheduling,
18 Judge, partly --
19      THE COURT:  Yes or no?
20      MR. BALABANIAN:  No, not yet.
21      THE COURT:  Good.  That's all I want to know.  Like
22 one-word answers when they're available are probably the best
23 way to do it.
24      MR. BALABANIAN:  They have offered it up for the
25 first week of June.

1  THE COURT: Is that on the retention or the
2  disclosure?
3  MR. BALABANIAN: It's just on the disclosure.
4  MS. SPEARS: No, it's on the disclosure.
5  THE COURT: Just on disclosure.
6  MR. BALABANIAN: They have agreed to reproduce, to
7  produce for a second time, the witness to the retention issue.
8  THE COURT: Is there a deadline currently?
9  MR. BALABANIAN: The cutoff is the 23rd of this
10 month, Judge. We're not going to make it. We're going to
11 move to compel, just to let the Court know what's going on,
12 within a week as well.
13 THE COURT: That's the cutoff of what?
14 MS. SPEARS: That's the first I've heard of that.
15 THE COURT: That's the cutoff of what?
16 MS. SPEARS: That was for the disclosure of fact --
17 THE COURT: Fact discovery on class issues on the
18 previous disclosure.
19 MS. SPEARS: You said you would look at that again
20 when we came back in. The plaintiffs had been asking for more
21 time. We had said, you know, we would work with them on
22 dates.
23 THE COURT: Okay.
24 MS. SPEARS: And so the issue is if we're going
25 forward on the disclosure, which is what we have been doing,

1  we could do those deps sooner.  If we're going to combine and
2  do them once with the retention, then we would do them, you
3  know, obviously later.
4           THE COURT:  Is there some advantage -- is there
5  something to be gained by --
6           Well, let me ask it in the opposite way.  Does it
7  make sense to go ahead and do the 30(b)(6) depositions on the
8  issues that you have already teed up now?  And if it ends up
9  being that those same people have to be produced again on
10 other issues, you can just produce them again on the other
11 issues?  Is there some reason not to do it that way?
12          MS. SPEARS:  We were prepared to do that, and the
13 plaintiffs didn't want to do that with regard to their clients
14 on the plaintiff's deposition.
15          MR. BALABANIAN:  Well, because --
16          THE COURT:  I just asked about the 30(b)(6).
17          So the 30(b)(6), you're comfortable doing them in two
18 halves?
19          MR. BALABANIAN:  Sure, but still with even saying
20 that, Judge, they have offered it up for the first week of
21 June which is outside of the cutoff.
22          THE COURT:  You've got some issues, I understand.  I
23 understand.
24          MR. BALABANIAN:  Okay.
25          MS. SPEARS:  Right.

1          THE COURT:  And that was mentioned at the last status
2  hearing that we were going to have some issues on that.
3          MS. SPEARS:  Ten days after the cutoff.
4          THE COURT:  It's two plaintiffs now, right?
5          MR. BALABANIAN:  It is two plaintiffs.
6          MS. SPEARS:  That's right.
7          THE COURT:  Two plaintiffs.
8          And remind me, do they both assert both retention and
9  disclosure claims?
10         MR. BALABANIAN:  Yes, your Honor.
11         THE COURT:  They do, all right.
12         And until the moment in time, you know, a week ago or
13  so when you got the ruling on the motion for leave to amend,
14  had their depositions been scheduled yet?
15         MR. BALABANIAN:  We had gone back and forth.
16         THE COURT:  You were working on a date.
17         MR. BALABANIAN:  Both parties were working in good
18  faith to schedule those.
19         THE COURT:  All right.  So if the new claims survive
20  whatever other motions get filed, I'm going to assume that you
21  have not issued, or maybe you have, written discovery on those
22  claims yet?
23         MR. BALABANIAN:  We haven't.
24         THE COURT:  Time to issue it.
25         MR. BALABANIAN:  Sure.

1         THE COURT: Okay. And, honestly, maybe that will --

2     You know, if there ends up being an issue about how
3 much more discovery there is, maybe I will have a better idea
4 of it once, you know, it's done rather than speaking, as I
5 apparently did before in a vacuum, and as the Seventh Circuit,
6 I guess, did too. I guess they didn't have a vacuum because
7 they had what I said.

8         MS. SPEARS: Well, you actually had briefing on it,
9 so it wasn't in a vacuum. In fairness to you, you had special
10 briefing on that issue and looked at it extensively.

11         THE COURT: Okay.

12         MR. BALABANIAN: We can get written out by Friday, no
13 later than Monday, Judge.

14         THE COURT: Okay. And your thing is due in two
15 weeks, so that's the 16th. And so since I'm going to be gone
16 the week of the 21st, I'm going to have you come back on the
17 17th.

18         MS. SPEARS: That's fine, but it's due next week.

19         THE COURT: Oh, it's due next week. I thought you
20 said 14 days.

21     Oh, you meant 14 days from --

22         MS. SPEARS: It was 14 days from when they filed it.

23         THE COURT: Okay, fine. That's actually easier.

24         MS. SPEARS: If you're going to be out --

25         THE COURT: No. It's actually easier. I'm going to

1  have you come back on Monday, the 14th, if that date's okay,
2  at 9:30.
3  　　　　　So the motion will be on file then.
4  　　　　　MR. BALABANIAN:  We'll have discovery issued by then
5  as well, Judge.
6  　　　　　THE COURT:  Okay.  And so I will either set a
7  briefing schedule or I won't.  Then if I --
8  　　　　　If what ends up happening is sort of the case goes
9  ahead on all the various fronts at that point, we are going to
10 have to revise at a minimum the class cert schedule because
11 that will be affected by whatever additional discovery you
12 have to do.  So it's time to start thinking about that, I
13 guess.  I mean, we don't actually have --
14 　　　　　We won't do it on the 14th, but you need to at least
15 be thinking about it.
16 　　　　　Okay, take care.
17 　　　　　MR. BALABANIAN:  Thank you, your Honor.
18 　　　　　MS. SPEARS:  Thank you, your Honor.
19 　　(Which were all the proceedings had in the above-entitled
20 cause on the day and date aforesaid.)
21
22
23
24
25

1 | C E R T I F I C A T E
2 |
3 | I hereby certify that the foregoing is a true and
4 | correct transcript of the above-entitled matter.
5 |
6 |
7 | */s/ Laura M. Brennan*            May 17, 2012
8 |
9 | _____      _____
10 | Laura M. Brennan
    Official Court Reporter                      Date
    Northern District of Illinois