## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN STERK and JIAH CHUNG, individually, and on behalf of a class of similarly situated individuals, | ) ) ) | |
| | ) | Case No. 11-cv-01729 |
| Plaintiffs, | ) ) | |
| | ) | The Honorable Matthew F. Kennelly |
| v. | ) ) | |
| REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company, | ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT REDBOX AUTOMATED RETAIL, LLC'S**
**MOTION FOR LEAVE TO FILE *INSTANTER***
**UNREDACTED VERSIONS OF SUMMARY JUDGMENT FILINGS UNDER SEAL**

Defendant Redbox Automated Retail, LLC ("Redbox") hereby respectfully moves this

Court *instanter*, pursuant to the Protective Order in this case, to enter an order allowing it to file

unredacted versions of its Memorandum of Law in support of its Motion for Summary Judgment,

the Declaration of Eric Hoersten, its Statement of Undisputed Material Facts and certain exhibits

thereto under seal, because said pleadings contain information that has been designated as

Confidential by the Plaintiffs, Redbox, and a third-party. As noted below, Redbox has already

filed publicly available versions of these pleadings with limited redactions. In further support of

this Motion, Redbox states as follows:

1.      Redbox has filed a Motion for Summary Judgment on all of Plaintiffs' claims.

(Doc. 164.) In support of this Motion, and pursuant to this Court's Standing Order, Redbox has

filed publicly available redacted versions of its Memorandum of Law in Support of its Motion

for Summary Judgment (Doc. 166), its Rule 56.1 Statement of Undisputed Facts (Doc. 168), and

the Declaration of Eric Hoersten (Doc. 170), with limited redactions for the reasons noted below.

2.      Redbox has also served unredacted confidential versions on Plaintiffs, has provided a courtesy copy of the unredacted confidential versions to the Court, and has provisionally filed unredacted, sealed versions of these documents pursuant to Local Rule 26.2(c)(1).

3.      Redbox seeks leave to file unredacted versions of these Summary Judgment filings under seal because they contain Confidential Information as defined in the Protective Order previously entered by this Court.  (Doc. 100.)  No party has objected to the designation of this information as Confidential and the Confidential Information at issue includes information that has been designated as such by Plaintiffs and a third-party, as well as Redbox-designated Confidential Information.

4.      Specifically, Plaintiffs' personally identifiable information ("PII"), as defined in the Video Privacy Protection Act ("VPPA"), should be sealed because it has been designated as Confidential by Plaintiffs in this case and Redbox.  Moreover, under the VPPA itself, such information should be sealed.  18 U.S.C. § 2710(b)(2) (allowing for disclosure of PII pursuant to a court order in a civil proceeding if the court "impose[s] appropriate safeguards against disclosure").  Accordingly, Redbox has made redactions for Plaintiffs' PII and related information that appears in portions of Redbox's Memorandum of Law; the Declaration of Eric Hoersten, and Exhibit 2 (Plaintiffs' movie rental history with Redbox) and Exhibit 6 (Plaintiff Chung's online chat with a Redbox representative) thereto; and Redbox's Statement of Undisputed Facts, and Exhibit 2 (deposition transcript of Plaintiff Sterk) and Exhibit 3 (deposition transcript of Plaintiff Chung) thereto.

5.       In addition, within its Summary Judgment Filings, Redbox has detailed the names of the vendors that receive any sort of customer information from Redbox (other than credit card companies that do not receive any information that is at issue here), along with a

description of the function each vendor provides to Redbox and certain technical information. The names and the functions of these vendors is competitively sensitive information, as having an aggregated list of all of Redbox's vendors and their functions would provide competitors with a roadmap for how Redbox analyzes customer data internally. This aggregated information is kept confidential and not publicly available elsewhere. Further, Redbox has a contractual obligation to maintain the confidentiality of its relationship with certain of these vendors. Finally, certain technical information used by these vendors, namely the use of specific databases and proprietary software information, is also commercially sensitive, not publicly disclosed elsewhere and would be competitively harmful if not redacted. As a result, Redbox has in good faith made limited redactions only as necessary.

6.      Good cause exists for the limited redactions and sealing requested. *See, e.g., SmithKline Beecham Corp. v. Pentech Pharm.* 261 F. Supp. 3d 1002, 1008 (N.D. Ill. 2003) (granting motion to seal "information about the terms and conditions of the distribution agreement . . .that might give other firms an unearned competitive advantage -- unearned because the issue of public disclosure arises from the adventitious circumstance of the agreement's having become caught up in litigation . . . .") (Posner, J. sitting by designation); *Hal Wagner Studios*, *Inc. v. Elliott*, No. 09-CV-0031-MJR, 2009 WL 854676, at *5 (S.D. Ill. Mar. 30, 2009) (granting motion to seal "confidential business records" that would have placed party "at a competitive disadvantage"). The Summary Judgment Filings that contain Confidential vendor information are Redbox's Memorandum in support of its Motion for Summary Judgment; the Declaration of Eric Hoersten, and Exhibit 3 thereto (letter outlining data feeds to vendors); and Redbox's Statement of Undisputed Facts, and Exhibit 1 (excerpts from E. Hoersten deposition), Exhibit 4 (excerpts from N. Lullo deposition), and Exhibit 5 (affidavit from vendor) thereto.

WHEREFORE, Redbox respectfully requests that this Court enter an order granting it leave to file unredacted sealed versions of its Memorandum of Law in Support of its Motion for Summary Judgment (Doc. 167); Redbox's Statement of Undisputed Facts, and Exhibits 1-5 thereto (Doc. 169); and the Declaration of Eric Hoersten, and Exhibits 2, 3, and 6 thereto (Doc. 171).

Dated:  April 8, 2013                                    Respectfully submitted,


                                                         /s/ Anthony T. Eliseuson
                                                         One of the attorneys for Defendant


Donna J. Vobornik (ARDC #6195767)
Natalie J. Spears (ARDC #6230320)
Anthony T. Eliseuson (ARDC #6277427)
DENTONS US LLP
233 South Wacker Drive
Suite 7800
Chicago, Illinois 60606
(312) 876-8000

**CERTIFICATE OF SERVICE**

I, Anthony Eliseuson, an attorney, hereby certify that on April 8, 2013, I electronically filed the preceding with the Clerk of Court using the CM/ECF system, which will send notification of such filing(s) to the following:

- **Ari J. Scharg**
  ascharg@edelson.com

- **Rafey S. Balbanian**
  rbalabanian@edelson.com

- **Benjamin S. Thomassen**
  bthomassen@edelson.com

- **Joseph J. Siprut**
  jsiprut@siprut.com

- **Aleksandra M. S. Vold**
  avold@siprut.com


/s/ Anthony T. Eliseuson