IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| KEVIN STERK and JIAH CHUNG, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) Case No. 11-cv-01729 ) ) |
| v. | ) Hon. Matthew F. Kennelly ) |
| REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company, d/b/a/ Redbox, | ) ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

Plaintiffs Kevin Sterk ("Sterk") and Jiah Chung ("Chung," collectively, the "Plaintiffs"), by and through their counsel, object to Defendant Redbox Automated Retail LLC's ("Redbox" or "Defendant") Bill of Costs and respectfully request that this Court exercise its discretion under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920 to reduce the taxable costs to Plaintiffs. In support of their instant Objection, Plaintiffs state as follows:

**INTRODUCTION**

Redbox's Bill of Costs seeks $8,311.35 in supposedly reimbursable expenses. (Dkt. 222.) Among the costs that Redbox seeks to recover are $2,985.00 for videography expenses for Redbox's decision to videotape both Plaintiffs' depositions in this matter. (*See* Dkt. 222-1 ¶ 6.) While Plaintiffs do not object to reimbursing costs as specifically allowed by statute, Plaintiffs object to Redbox's attempt to seek recovery of videography expenses that were neither reasonable nor necessary in this matter. Redbox's attempt to recover for those expenses should be denied for at least two reasons.

1

First, videographer fees are only recoverable in those limited instances where a deponent is a non-party that shows an inability or unwillingness to testify, which can justify the additional costs associated with videotaped depositions. Here, however, Redbox seeks recovery of fees for the depositions of Plaintiffs Sterk and Chung, who are parties to this action and have never indicated a reluctance or inability to testify at any class certification hearing or trial. The videographer fees incurred by Redbox are, accordingly, not recoverable in this case.

Second, there is no "strategic value" exception to this rule that would allow for the recovery of videography expenses here. Redbox readily admits that it videotaped the depositions for their "substantive strategic value" and for their "substantial impact at any class certification hearing or jury trial." (Dkt. 222-1 ¶ 6.) In short, Redbox merely sought to gain a strategic edge by videotaping Plaintiffs' depositions, and should therefore be the one to pay for it.

For these reasons, as explained below, Redbox's request for recovery of its videography expenses should be denied.

## ARGUMENT

In seeking recovery of $2,985.00 in costs for video depositions of Plaintiffs, Redbox claims that a video's ability to highlight the "weakness of Plaintiffs' claims" and "undermine the named Plaintiffs' credibility" is enough to render such costs necessary and appropriate in this case. (Dkt. 222-1 ¶ 6.) Redbox argues that these costs qualify under a "substantive strategic value" exception to the general rule that such costs are not recoverable. (*Id*.) Aside from the fact that no such exception exists, Redbox's conclusory statement that the video depositions would have had a "substantial impact" on a hearing or trial is insufficient to demonstrate that the added costs were either reasonable or necessary. Here, Redbox has failed to meet its burden with respect to the videography expenses, and cannot seek reimbursement for them from Plaintiffs.

A party seeking the recovery of expenses "carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). If a party fails to substantiate the costs it claims are recoverable, courts will "reduce the costs to the level supported by [the party]—even if that is zero." *Trading Techs. Int'l Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 969 (N.D. Ill. 2010); *Se-Kure Controls, Inc. v. Vanguard Products Grp., Inc.*, 873 F. Supp. 2d 939, 947 (N.D. Ill. 2012). Ultimately, district courts considering the issue of costs "have broad discretion in determining whether and to what extent prevailing parties may be awarded costs." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997).

Courts in this circuit have squarely rejected Redbox's argument that videotaped depositions are recoverable merely because they provide "substantive strategic value." *See Halasa v. ITT Educ. Servs., Inc.*, 1:10-CV-437, 2012 WL 639520, at *3 (S.D. Ind. Feb. 27, 2012) *aff'd*, 690 F.3d 844 (7th Cir. 2012) (video deposition "was a luxury, perhaps providing an additional arrow in defense counsel's quiver, [but it was] appropriate for [defendants] to pay for that arrow."); *see also Loomis v. Exelon Corp.*, 06-CV-4900, 2010 WL 1005037, at *2 (N.D. Ill. Mar. 11, 2010) *aff'd on other grounds*, 658 F.3d 667 (7th Cir. 2011) (video recordings to demonstrate plaintiff's credibility and demeanor during testimony were insufficient for recovery of costs).

Further, recovery of videography costs is only permitted in limited instances, and "[m]ost decisions that award video recording costs involve a non-party and a chance of his non-appearance at trial." *Loomis*, 2010 WL 1005037, at *2; *see also LG Electronics U.S.A., Inc. v. Whirlpool Corp.,* 08 C 0242, 2011 WL 5008425, at *3 (N.D. Ill. Oct. 20, 2011) (video costs awarded where non-party deponents were unavailable for trial and outside Court's subpoena

power); *Horizon Hobby, Inc. v. Ripmax Ltd.,* 07-CV-2133, 2009 WL 3381163, at *4 (C.D. Ill. Oct.15, 2009) (recovery allowed where deponent lived outside the United States and could not be compelled to testify); *Vito & Nick's, Inc. v. Barraco,* 05 C 2764, 2008 WL 4594347, at *3 (N.D. Ill. Oct.10, 2008) (costs awarded due to possible witness unavailability); *Specht v. Google, Inc.*, 09 C 2572, 2011 WL 2565666, at *2 (N.D. Ill. June 27, 2011) (deponent's poor health warranted recovery of costs).

The circumstances of this case, however, do not support recovery of Redbox's incurred videography expenses. The deponents at issue are the named plaintiffs in this action. Further, neither Sterk nor Chung has ever indicated any unwillingness or inability to testify in connection with this matter.[1] As Redbox itself admits, its reasons for videotaping the deposition were for its "impact" at a class certification hearing or at trial—and were thus purely strategic. (Dkt. 222-1 ¶ 6.) But, as discussed above, costs incurred for Defendant's convenience or a "litigation edge" should not be for Plaintiffs to bear.

Redbox's assertion that video costs can be recovered because of "the nature of this particular case as a class action" is similarly unavailing. (Dkt. 222-1 ¶ 6.) Redbox claims, without citing any authority, that class certification hearings "often do not involve live witness testimony" and that videotaping the depositions was necessary as a result. (*Id.*) Aside from the fact that Redbox never indicated a desire for Plaintiffs to testify at any class certification hearing—not to mention that it moved for summary judgment and asked that the court hold in abeyance briefing on class certification—Redbox disregards the fact that live witness testimony at certification hearings is permitted and not uncommon. *See, e.g., Sly v. P.R. Mallory & Co., Inc.,* 712 F.2d 1209, 1213 (7th Cir. 1983); *Acuff v. IBP, Inc.* 77 F. Supp. 2d 914, 923 (C.D. Ill.

---

[1] In fact, Redbox rescheduled Plaintiffs' depositions several times, and Plaintiffs repeatedly accommodated Redbox's scheduling requests.

4

1999); *Exhaust Unlimited, Inc. v. Cintas Corp.*, 223 F.R.D. 506, 513 (S.D. Ill. 2004). The Court should therefore decline Redbox's invitation to fashion a rule that would effectively allow for the recovery of video deposition costs in all class action cases.

In summary, Redbox's decision to videotape the Plaintiffs' depositions was based solely on its own convenience and strategy, and absent a showing that Plaintiffs were unavailable to testify, Redbox is not entitled to seek recovery for these expenses. Redbox has failed to meet its burden of showing the appropriateness and necessity of its videography expenses and this Court should disallow Redbox's recovery of those costs.

### CONCLUSION

For the foregoing reasons, Redbox's request for recovery of their videography costs should be denied, and Plaintiffs respectfully request that the taxable costs be reduced accordingly.

Dated: October 2, 2013          Respectfully submitted,

**JIA CHUNG and KEVIN STERK,** individually, and on behalf of all others similarly situated,

By: s/ Benjamin S. Thomassen
    One of Plaintiffs' Attorneys

Jay Edelson
Rafey S. Balabanian
Ari J. Scharg
Benjamin S. Thomassen
Edelson LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
jedelson@edelson.com
rbalabanian@edelson.com
ascharg@edelson.com
bthomassen@edelson.com

5

## CERTIFICATE OF SERVICE

    I, Benjamin S. Thomassen, an attorney, certify that on October 2, 2013, I served the above and foregoing ***Plaintiffs' Objections to Defendant's Bill of Costs***, by causing true and accurate copies of such paper to be filed with the Court and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this the 2nd day of October, 2013.

                                                  s/ Benjamin S. Thomassen