**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Kevin Sterk and Jiah Chung, | ) | |
|     Plaintiffs, | ) | Case No:   11 C 1729 |
| | ) | |
| v. | ) | |
| | ) | Judge:   Kennelly |
| Redbox Automated Retail, LLC, | ) | |
|     Defendant. | ) | |

## ORDER AWARDING COSTS

The Court taxes costs in favor of defendant and against plaintiffs in the amount of $8,311.35 ($7,797.5 for transcript costs and $513.80 for copying costs) for the reasons stated below.

## STATEMENT

Defendant Redbox Automated Retail, LLC, which prevailed on summary judgment in this case, has petitioned for costs pursuant to Rule 54(d) and 28 U.S.C. § 1920, seeking a total of $8,115.35. Plaintiffs Kevin Sterk and Jiah Chung have objected to one item, $2,985 for the expense Redbox incurred to video-record the plaintiffs' depositions.

When considering whether to award costs, a court first determines whether the particular cost is recoverable, and then determines whether the cost was reasonable and necessary to the litigation. *See Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2008). The law in this Circuit is clear that the cost of video-recording a deposition is a recoverable cost, even if (as in this case) the cost of stenographic transcription is also awarded. *See Little v. Mitsubishi Motors N.A., Inc.*, 514 F.3d 699, 701-02 (7th Cir. 2005). Thus the real dispute involves the reasonableness and necessity for video-recording these particular depositions.

Redbox argues that "[f]irst and foremost, Redbox fully intended to use the video testimony in any class certification hearing," because live testimony ordinarily is not presented at such a hearing. *See* Eliseuson Affid. ¶ 6. This argument is a non-starter. Having been a judge for nearly fifteen years and a lawyer for eighteen before that, the undersigned judge has never seen, and finds it difficult even to imagine, a class certification determination at which witness demeanor -- the only advantage obtained by video recording -- would make a difference. Given the Court's understanding of likely issues on class certification in this case, it concludes that video recording the depositions was neither reasonable nor necessary for this particular purpose.

Redbox's second argument is that video recording was reasonably necessary for purposes of trial. *See id.* Plaintiffs argue that such costs should be recoverable only if the particular witness is a non-party or otherwise unlikely to appear and that there was no reason to believe that they would not attend the trial in person. The Court disagrees. The determination of necessity is made in light of what is known at the time of the deposition, *see M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991), and at the time of the deposition there was no way to tell whether each plaintiff would be available and willing to appear in person at trial. Even parties sometimes turn out to be unavailable for trial, whether for health or other personal reasons, or due to business commitments. Even were this not the case, for trial purposes it was reasonable to anticipate that the plaintiffs' credibility would be a significant consideration, and that likewise made it reasonable to video-record their depositions for use for impeachment purposes.

For this reason, the Court overrules plaintiffs' objection and awards defendant costs in the amount of $8,311.35 ($7,797.55 for transcript costs and $513.80 for copying costs).

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 10, 2013